IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DISABILITY RIGHTS TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:19-cv-00005 |
| | § | |
| BRANDY K. LEONHARDT, in her official capacity as the President and Chief Executive Officer of INSPIRED BEHAVIORAL HEALTH, INC., the parent company of INSPIRED @ LA JARRA RANCH, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Disability Rights Texas complains of Defendant Brandy K. Leonhardt, in her official capacity as the President and Chief Executive Officer of Inspired Behavioral Health, Inc., the parent company of Inspired @ La Jarra Ranch.

## I. PRELIMINARY STATEMENT

1. Disability Rights Texas ("DRTx"), as Texas's designated Protection and Advocacy System, is entitled to have unrestricted access to all general areas of Inspired @ La Jarra Ranch ("LJR") for the purposes of providing information, training, and monitoring compliance with respect to the rights and safety of residents; to investigate incidents of abuse or neglect of residents; and to access records.

2. DRTx has made repeated requests to Defendant to access LJR and obtain records in accordance with its federal mandates. The Defendant continues to deny DRTx full, complete,

meaningful, and timely access to LJR, the staff of the LJR, the residents who are confined at LJR, and requested records in violation of the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.* ("PAIMI"); the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15001, *et seq.* ("PADD"); and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a) ("PAIR"). These three laws are hereinafter collectively referred to as the "P&A Acts.".

3. DRTx seeks declaratory and permanent injunctive relief to prevent the Defendant from continuing to thwart DRTx's statutory obligation to protect and advocate on behalf of individuals with disabilities and to investigate incidents of abuse or neglect pursuant to Fed. R. Civ. P. 57 & 65, 28 U.S.C. § 2201, 42 U.S.C. § 10805(a)(1)(B), and 42 U.S.C. § 1983.

## II. JURISDICTION

4. This action is authorized by 42 U.S.C. § 1983 to redress the deprivation under color of law of rights guaranteed by the P&A Acts, 42 U.S.C. § 10801, *et seq.*, 42 U.S.C. §§ 15001, *et seq.*, 29 U.S.C. § 794c(a), and 28 U.S.C. §§ 2201-02. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

5. This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02, and Fed. R. Civ. P. 57 & 65.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions complained of herein occurred in this district.

## III. PARTIES

7. Plaintiff DRTx is a nonprofit Texas corporation mandated by Congress to protect and advocate for the civil rights of persons with disabilities. DRTx is designated by the State of

Texas to perform this Congressional mandate pursuant to the PADD Act, 42 U.S.C. §§ 15001-03, the PAIMI Act, 42 U.S.C. §§ 10802-03, and the PAIR Act, 29 U.S.C. 794(f)(2).

8. DRTx spends considerable time and resources monitoring, investigating conditions, and advocating for the rights of people receiving services and/or residing at facilities providing mental health care and treatment, including entities providing services, supports, and other assistance to individuals with disabilities.

9. Defendant Inspired Behavioral Health, Inc. ("IBH") is a for-profit company operating in the State of Texas and, specifically, in Cameron County, Texas. It contracts with Cameron County and receives county funds and resources to own and operate LJR, a locked behavioral facility that provides jail diversion services for adults with serious mental illness as well as community psychiatric support and treatment, peer support, short-term respite care, nursing, transportation services, and recovery management services. LJR is located at 12601 Las Majadas Ranch Road, Raymondville, Willacy County, Texas.

10. Defendant Brandy K. Leonhardt is the President and Chief Executive Officer of Inspired Behavioral Health, Inc. and was at all times during the actions described by this suit. Defendant Leonhardt, by law and contract, is responsible for the implementation of the policies, procedures, practices, and customs at LJR, as well as ensuring that LJR complies with federal and state laws. Defendant is also responsible for the acts and omissions challenged by this suit. Defendant Brandy K. Leonhardt may be served with process at 2006 Sequoia Trail Lane, Richmond, Texas 77469.

11. Wherever Plaintiff uses the word "Defendant" in this petition it means Defendant, her agents, employees, successors, and all persons acting in concert with her at her direction.

## IV. FACTS

12. Because many persons with disabilities living in private and public institutions suffer from abuse and neglect and are often unlikely to report abuses committed by the people who have daily control over their lives, Congress mandated that each state have a "Protection and Advocacy System" (P&A). Congress designed these P&As to have independent access to such institutions in order to detect, prevent, and investigate such abuse and neglect. Because the State of Texas receives federal funds under the P&A Acts, it is required to designate a system to protect and advocate for the rights of individuals with disabilities, including investigating incidents of abuse and neglect of individuals with disabilities. *See e.g.*, 42 U.S.C. § 10801, *et seq.*; 42 U.S.C. § 15001, *et seq.* The State of Texas has designated DRTx as its Protection and Advocacy System.

13. The P&A Acts require LJR, as a facility providing services to individuals with disabilities including mental illness, to allow DRTx to have reasonable unaccompanied access to facilities to: (1) monitor compliance with respect to the rights and safety of LJR residents; (2) provide information and training to LJR residents; and (3) investigate allegations of abuse and neglect of LJR residents, which includes interviewing residents and staff. *See* 42 U.S.C. § 10805(a)(3); 42 C.F.R. § 51.42(b)-(d); 42 U.S.C. § 15043(a)(2)(H); 45 C.F.R. § 1326.27(b)-(d). Reasonable unaccompanied access means access to areas used by and accessible to individuals with disabilities at reasonable times, which at a minimum includes normal working hours and visiting hours. 42 C.F.R. § 51.42(b)-(d); 45 C.F.R. § 1326.27(b)-(d).

14. The P&A Acts also allow DRTx to access records of programs serving people with disabilities and the confidential records of people with disabilities. *See* 42 C.F.R. § 51.41(a)-(c); 45 C.F.R. § 1326.25(b).

15. Despite Plaintiff DRTx's statutory right to access LJR and LJR resident records, the Defendant continues to deny DRTx full, complete, meaningful, and timely access to LJR, the staff of the LJR, the residents confined at LJR, and requested records. Without such access, DRTx is not able to perform its Congressionally-mandated Protection and Advocacy role.

16. On or around October, 2018 DRTx received several complaints from concerned family members regarding the failure of LJR to provide necessary treatment to residents of LJR.

17. On October 17, 2018, DRTx provided advance written notice to Defendant, via email to Defendant's attorney Richard Morrison, that DRTx intended to access the LJR to investigate a complaint received by DRTx regarding the possible abuse or neglect of one of LJR's mental health residents. The notice included DRTx's intent to speak with other residents who might have a complaint but not know to or be able to contact DRTx.

18. The October 17, 2018 email was followed by additional emails and telephone calls with Defendant's attorney to provide Defendant additional information regarding DRTx's role and authority.

19. On October 19, 2018, DRTx accessed LJR to initiate its investigation of the complaint received and to conduct a monitoring visit, including speaking with the residents of the facility. On that day, DRTx spoke with six of the nine residents at LJR.

20. These residents spoke with DRTx of their own free will and with prior notice that each could decline to speak with DRTx staff. In fact, at least two of the residents declined to speak with DRTx staff.

21. DRTx received information indicating possible rights violations by Defendant; however, most if not all of the residents expressed fear of retaliation if they complained and/or

spoke openly with DRTx staff. They feared Defendant would retaliate by sending them back to jail, labeling the residents unwilling or unable to complete the program.

22. Having heard these concerns, on October 30, 2018, DRTx provided advance written notice, via email, to Defendant's attorney, Richard Morrison, that DRTx would be conducting a second monitoring visit to Defendant's behavioral unit at LJR.

23. On October 31, 2018, DRTx received an email and subsequently a letter from Defendant's attorney stating that the Defendant was denying DRTx access into LJR and forbidding DRTx to speak to the residents of LJR.

24. On November 14, 2018, DRTx pursuant to its P&A authority sent an email to Defendant's attorney requesting records on behalf of two LJR residents. The request sought copies of the residents' medical and mental health care and treatment records. The records requests included the individuals' written authorization to DRTx for release of their information.

25. On November 15, 2018, Defendant's attorney acknowledged receipt, via email to DRTx.

26. DRTx's letter to Defendant's attorney provided the Defendant ten days from receipt of DRTx's request to respond and provide the requested information and records.

27. To date, the Defendant has not responded to DRTx's request for records and has not provided any records responsive to DRTx's request.

28. On November 19, 2018, DRTx sent another email to Defendant's attorney asking if he had any alternative suggestions that would meet his client's needs as well as DRTx's mandate regarding accessing LJR. To date, Defendant's attorney has not responded to this email.

29. Despite Plaintiff DRTx's statutory right to access LJR and obtain records, Defendant is barring DRTx from accessing LJR, its residents, its staff, and requested resident

records. Without such access, DRTx is not able to perform its Congressionally-mandated Protection and Advocacy role.

30. Under the above-described circumstances, Defendant has acted in her official capacity to create and maintain a system that impedes the Congressionally-mandated functions and duties of DRTx at LJR. While Plaintiff DRTx has no obligation to exhaust administrative or other remedies in this case, it has spent considerable time giving Defendant reasonable opportunity to learn of DRTx's role and authority and to allow DRTx the full, complete, meaningful, and timely access to LJR that it is afforded by federal law. Unfortunately, Defendant has continued to deny DRTx the access to which it is entitled.

## V. CAUSE OF ACTION – VIOLATION OF THE P&A ACTS

31. DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 30 above.

32. DRTx, as Texas's designated Protection and Advocacy System, has the authority to access all general areas of LJR. 42 U.S.C. § 10805(a)(3), § 15043(a)(2)(H); 42 C.F.R. § 51.42.

33. DRTx's federal mandate specifically grants DRTx reasonable unaccompanied access to LJR during normal working and visiting hours for the purpose of providing information, training, and monitoring compliance with respect to the rights and safety of residents, and to investigate any incidents of abuse or neglect of LJR residents. 42 U.S.C. §§ 10805(a)(3) & 15043(a)(2)(H); 42 C.F.R. § 51.42(a)-(f); 45 C.F.R. § 1326.27(a)-(d).

34. The P&A Acts also allow DRTx to access records of programs serving people with disabilities and the confidential records of people with disabilities. *See* 42 C.F.R. § 51.41(a)-(c); 45 C.F.R. § 1326.25(b).

35. Defendant's failure to permit DRTx full, complete, meaningful, and timely access to LJR, its residents, the staff of LJR, and resident records violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § § 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a).

36. DRTx has no adequate remedy at law and will be irreparably harmed if the Defendant is permitted to continue to deny it access to LJR, its residents, its staff, and resident records.

## VI. INJUNCTIVE RELIEF

37. DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 36 above.

38. The policies, procedures, regulations, practices, and customs of Defendant violated and continue to violate the rights of DRTx under the P&A Acts to full, complete, meaningful, and timely access to LJR, its residents, its staff, and resident records. These policies, procedures, regulations, and practices will continue to violate DRTx's right to access to LJR in the future unless Defendant is permanently enjoined.

39. Plaintiff DRTx requests that the Court enter a permanent injunction enjoining Defendant from continuing to deny full, complete, meaningful, and timely access by Plaintiff DRTx to LJR, its residents, its staff, and resident records.

## VII. DECLARATORY RELIEF

40. Plaintiff DRTx restates and incorporate by reference herein each of the allegations contained in Paragraphs 1 through 39 above.

41. Plaintiff DRTx requests that, after notice and hearing, this Court enter a declaratory judgment that Defendant's policies, procedures, regulations, and practices of continuing to deny DRTx full, complete, meaningful, and timely access to LJR, its staff, its residents, and requested records violated and continues to violate the P&A Acts.

**PRAYER**

WHEREFORE, Plaintiff Disability Rights Texas respectfully prays that this Court:

(a) Grant permanent injunctive relief that enjoins Defendant, her agents, and employees from denying DRTX full, complete, meaningful, and timely access to LJR, its staff, and its residents in order to monitor the facility, to conduct abuse and neglect investigations of the facility and its residents, and to provide information and training to residents at any reasonable time, including but not limited to during business and visiting hours;

(b) Grant permanent injunctive relief that enjoins Defendant, her agents, and employees from denying DRTx access to LJR resident records;

(c) Issue a declaratory judgment that Defendant's policies, procedures, regulations, and practices of denying DRTx full, complete, meaningful, and timely access to LJR, its staff, and its residents to monitor the facility, to conduct abuse and neglect investigations of the facility and its residents, and to provide information and training to residents at any reasonable time, including during business and visiting hours, violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.;* the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a);

(d) Issue a declaratory judgment that Defendant's policies, procedures, regulations, and practices of denying DRTx access to LJR resident records violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.;* the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a);

(e) Award Plaintiff DRTx its reasonable and necessary attorneys' fees and costs pursuant to 28 U.S.C. § 2202 and 42 U.S.C. § 1988; and

(f) Award such other and further relief, at law or equity, to which Plaintiff DRTx is justly entitled.

Respectfully submitted,

BETH MITCHELL
State Bar No. 00784613
Federal ID No. 29054
DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, Texas 78758
(512) 454-4816 (Phone)
(512) 454-3999 (Fax)
bmitchell@drtx.org

ATTORNEY FOR PLAINTIFF